# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

DAVID EUGENE VOELKERT,

    Plaintiff,

v.                                                  Case No. 21-10298

ERVING BELL, et al.,                      HON. MARK A. GOLDSMITH

    Defendants.
_____/

## OPINION & ORDER
## (1) SUMMARILY DISMISSING COMPLAINT (Dkt. 1), (2) DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (Dkt. 3), AND (3) DENYING LEAVE TO APPEAL IN FORMA PAUPERIS

Plaintiff David Eugene Voelkert, currently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983. Voelkert alleges Defendants interfered with his access to the courts by denying him photocopy services and supplies necessary for court filings in both civil and criminal court. He has also filed a motion for appointment of counsel (Dkt. 3). For the reasons that follow, the Court summarily dismisses the case and denies Voelkert's motion for appointment of counsel.

## I. BACKGROUND

Starting in December 2019, Defendant Erving Bell, a law librarian at Saginaw Correctional Facility, refused to provide Voelkert with photocopies of documents he needed for court filings in a civil lawsuit in Indiana, for a trial court in Michigan, and for an application for leave to appeal to the Michigan Supreme Court. Compl. at PageID.3–5 (Dkt. 1). On January 22, 2020, Bell told Voelkert to handwrite his copies, which would have caused Voelkert to fail to comply with court

briefing requirements such as page limits.  Id. at PageID.4.  To avoid missing a state supreme court deadline, Voelkert was forced to barter with another inmate "at great cost to him."  Id.

Most recently, on January 20, 2021, as Voelkert was preparing the complaint now before the Court, Bell refused to copy supporting documents Voelkert had requested for inclusion as exhibits.  Id. at PageID.11.  Bell recorded as his reason for rejection that "[p]risoner can re-type it."  Id.  However, the documents requiring copies were grievances, "kites" (written communications) to and from Michigan Department of Corrections staff, and the MDOC Indigent Store order form, all of which required photocopying and were not appropriate for retyping.  Id.

On more than one occasion, Bell refused to provide Voelkert typing paper, carbon paper, or legal envelopes.  Id. at PageID.4–6.  Voelkert attempted to obtain the legal supplies elsewhere, but he was directed back to Bell by his prison counselor and resident unit manager.  Id. at PageID.5.  Prison counselor Rivert (first name unknown) told Voelkert to order paper himself.  Id.  However, Voelkert is indigent, and the MDOC Indigent Store does not make legal supplies available.  Id. at PageID.8.  Again, Voelkert was required to barter with other inmates to obtain needed supplies, which violates MDOC policy.  Id. at PageID.9.

Voelkert also complains that Defendants Grievance Coordinator A. Pratt (grievance coordinator),  Bush (a teacher whose first name is unknown), and  O.T. Winn (warden) denied his grievances or upheld those denials.  Id. at PageID.6–7.  Other defendants, including  J. Anderson (resident unit manager),  Tracy Raquepew (administrative assistant), and Audrey Kames (account technician), failed to respond or responded unhelpfully to his kites.  Id. at PageID.4–5.

In June 2020, Voelkert obtained an order from a state criminal court that directed MDOC to support his access to the courts.  Id. at PageID.7.  However, several Defendants ignored that order, including Winn, Bell, Pratt, Carrolle Walker (assistant deputy warden), Heidi Washington

(MDOC Director), and Voelkert's defense counsel in the trial court, attorney Lance Hendrickson. Id. Hendrickson has also failed to assist Voelkert in obtaining legal supplies. Id. at 5.

## II. STANDARD OF REVIEW

Voelkert has been granted leave to proceed without prepayment of the filing fee for this action due to his indigence. 2/19/21 Order (Dkt. 5). Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). Similarly, the court is required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b).

"In determining whether a prisoner has failed to state a claim, [courts] construe his complaint in the light most favorable to him, accept his factual allegations as true, and determine whether he can prove any set of facts that would entitle him to relief." Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005). "A document filed pro se is to be liberally construed, and . . . must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (punctuation modified). While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–556 (2007) (citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(punctuation modified). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law." Dominguez v. Corr. Med. Servs., 555 F.3d 543, 549 (6th Cir. 2009). The plaintiff must establish the liability of each individual defendant by that person's own conduct. Iqbal, 556 U.S. at 676; see also Frazier v. Michigan, 41 F. App'x 762, 764 (6th Cir. 2002).

## III.  DISCUSSION

### A.  Denial of access to the courts

Prisoners, including indigent prisoners, have "a constitutional right of access to the courts that is adequate, effective and meaningful." Courtemanche v. Gregels, 79 F. App'x 115, 117 (6th Cir. 2003). "However, a prisoner's right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement." Id.

A plaintiff alleging a violation of court-access rights must establish prejudice or actual injury as a result of the challenged conduct. Lewis v. Casey, 518 U.S. 343, 351; Harbin-Bey, 420 F.3d 571, 578 (6th Cir. 2005). Examples of prejudice include having a case dismissed, being unable to file a complaint, or missing a court-imposed deadline. Harbin-Bey, 420 F.3d at 578. No actual injury will be found without a showing that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being prevented. Lewis, 518 U.S. at 354–356; Pilgrim v. Littlefield, 92 F.3d 413, 416 (6th Cir. 1996). Under the pleading requirements of Federal Rule of Civil Procedure 8(a), plaintiffs must include in their complaint the "underlying cause of action

4

and its lost remedy." Brown v. Matauszak, 415 F. App'x 608, 612 (6th Cir. 2011) (punctuation modified, citation omitted).

Voelkert alleges several instances in which Defendant Bell interfered with his ability to access the courts. These include Bell's refusal to make necessary photocopies for Voelkert's application for leave to appeal to the Michigan Supreme Court and for a civil suit in Indiana, as well as his denial of Voelkert's requests for typing and carbon paper. Compl. at PageID.3–6. As a result of Bell's actions, Voelkert was forced to barter with other inmates for supplies and assistance in violation of MDOC policy, id. at PageID.4, 9, and filed pleadings without exhibits he intended to include, id. at PageID.5.

However, Voelkert's denial-of-access claim fails on his lack of actual injury or prejudice. He acknowledges he was able to file in the Michigan Supreme Court "just in time," with the assistance of another inmate. Id. at PageID.4. Voelkert does not describe any prejudice to his appellate case or any other court case caused by Defendants' actions or resulting from his inability to file necessary documents or meet deadlines.

The status of Voelkert's Indiana civil lawsuit and whether he lost an opportunity to file it is not entirely clear. However, because it is a civil suit, Voelkert's right to litigate it is constitutionally protected only if it involves a non-frivolous civil rights claims challenging the conditions of his confinement. Lewis, 518 U.S. at 354–356. Voelkert failed to plead the required "underlying cause of action and its lost remedy[.]" Brown, 415 F. App'x at 612. The Court is thus unable to find that Voelkert's civil suit is the type for which the constitution mandates court access. See Lewis, 518 U.S. at 355. Voelkert has, therefore, failed to state a claim upon which relief may be granted.

Voelkert also alleges that MDOC policy impeded his and all indigent inmates' access to the courts, because they cannot purchase legal supplies through the MDOC Indigent Store. Compl. at PageID.8. However, Voelkert again identifies no prejudice or actual injury resulting from the policy. This claim also fails.

### B. Voelkert's grievance-related allegations

Voelkert alleges that numerous defendants rejected his grievances, upheld rejections of his grievances, and failed to respond to his kites. These allegations fail to state a claim, because "[s]ection 1983 liability may not be imposed simply because a defendant denied an administrative grievance or failed to act based upon information contained in a grievance." Lee v. Michigan Parole Bd., 104 F. App'x 490, 493 (6th Cir. 2004); see also Proctor v. Applegate, 661 F. Supp. 2d 743, 755 (E.D. Mich. 2009) (holding that "a prison official's failure to respond to a prisoner's letter or grievance does not state a constitutional claim").

Specifically, Voelkert alleges that Defendants Pratt, Winn, and Bush denied or upheld grievance denials. Compl. at PageID.6–7. Other defendants were simply unhelpful: Rivert told Voelkert to order paper for himself. Id. at PageID.5. Kames gave Voelkert policies and procedures that "were of no use." Id. at PageID.4. Raquepew told Voelkert to check an MDOC operating procedure and failed to respond to a second kite. Id. at PageID.5. And Anderson did not respond to Voelkert's kites at all. Id. None of these actions establishes a violation of Voelkert's civil rights. See Lee, 104 F. App'x at 493.

Voelkert also complains that Defendants Hendrickson, Winn, Walker, Bell, Pratt, and Washington ignored the order he obtained from the state criminal court, which was directed to the MDOC and supported his access to the courts. Compl. at PageID.7. Here, too, Voelkert has failed to state a claim. Section 1983 is "limited to deprivations of federal statutory and constitutional

6

rights." Neinast v. Bd. of Trustees of Columbus Metro. Libr., 346 F.3d 585, 597 (6th Cir. 2003). Therefore, it does not reach Defendants' non-compliance with a state court's order.

## C. Voelkert's claims against immune defendants

Finally, neither the MDOC Defendants sued in their official capacities nor defense attorney Hendrickson is a proper defendant. Voelkert sued the MDOC Defendants in their official capacities, which triggers consideration of the Eleventh Amendment. The Eleventh Amendment bars civil rights actions against state officials sued in their official capacities unless (i) the state has waived its immunity and consented to suit or (ii) Congress has abrogated that immunity. Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004), and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. § 1983, Chaz Const., LLC v.Codell, 137 F. App'x 735, 743 (6th Cir. 2005).

As for Defendant Hendrickson, an attorney serving as criminal defense counsel does not "act under color of state law for purposes of § 1983 because he 'is not acting on behalf of the State; he is the State's adversary.'" West v. Atkins, 487 U.S. 42, 50 (1988) (quoting Polk Cnty. v. Dodson, 454 U.S. 312, 323 n.13 (1981)). West involved public defenders, but the principle applies to court-appointed defense counsel as well. White v. Robertson-Deming, 9 F. App'x 418, 419 (6th Cir. 2001) (citing Polk, 454 U.S. at 321). Whether or not Hendrickson failed in his professional obligations to Voelkert as his client, he cannot be subject to suit under § 1983.

## D. Voelkert's motion for appointment of counsel

Appointment of counsel is within the court's discretion. Glover v. Johnson, 75 F.3d 264, 268 (6th Cir. 1996). A court may "request an attorney to represent any person unable to afford counsel," 28 U.S.C. § 1915(e), but it is not required to appoint one. Further, the appointment of

counsel in a prisoner civil-rights case is the exception, not the rule.  It has been the practice of courts in this district and circuit to appoint counsel only after the prisoner has survived dispositive motion practice.  See, e.g., Anger v. Chung, No. 13-12143, 2014 WL 859717, at *12 (E.D. Mich. Mar. 5, 2014); Hudson v. Caruso, No. 1:10-cv-58, 2011 WL 1042296, *3 (W.D. Mich. Jan. 24, 2011) ("As a general rule, trial courts in the Sixth Circuit do not appoint lawyers for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless extraordinary circumstances exist.").  As Voelkert's complaint cannot survive screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and no extraordinary circumstances exist, the Court declines to appoint counsel.

### E. In forma pauperis status on appeal

Finally, the Court concludes that an appeal from this decision cannot be taken in good faith. See 28 U.S.C. § 1915(a)(3).  Therefore, Voelkert is denied leave to appeal in forma pauperis.

### IV. CONCLUSION

For the reasons set forth above, Voelkert has failed to state a claim for which relief may be granted.  Accordingly, the complaint is summarily dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c), and Voelkert's motion for appointment of counsel (Dkt. 3) is denied.  Voelkert is denied leave to appeal in forma pauperis.

SO ORDERED.

Dated: May 21, 2021                            s/Mark A. Goldsmith
   Detroit, Michigan                           MARK A. GOLDSMITH
                                                      United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 21, 2021.

s/Karri Sandusky<br>
Case Manager